# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CHRIS KEEN,

Plaintiff,

v.

MUNICIPALITY OF ANCHORAGE,

Defendant.

Case No. 3:25-cv-00162-SLG

## ORDER ON CONVERTED MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 8 is Defendant Municipality of Anchorage ("MOA")'s Motion to Dismiss. Plaintiff Chris Keen ("Plaintiff") filed a response in opposition and an alternative cross-motion for leave to amend the Complaint at Docket 23. The MOA filed a reply at Docket 26. The Court heard oral argument on March 11, 2026.[1] The parties have agreed and the Court has ordered the conversion of Defendant's motion to dismiss to a motion for summary judgment.[2] At Docket 31, Plaintiff requested leave to supplement the record. Defendant opposed the motion at Docket 32. No reply was filed by Plaintiff. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1441.[3]

---

[1] Docket 30.

[2] *See* Docket 23, 26. *See also* Docket 30, Minute Entry on March 11, 2026.

[3] Docket 6 at 13.

**BACKGROUND**

On July 17, 2025, Plaintiff initiated this action in the Superior Court for the State of Alaska alleging that he was not promoted at the Anchorage Fire Department ("AFD") due to alleged discrimination and retaliation based on his military service.[4]  The MOA removed the case to this Court on July 29, 2025.[5]

The facts, viewed in the light most favorable to Plaintiff for purposes of Defendant's summary judgment motion, are as follows:

Plaintiff was an employee of the MOA as a firefighter/EMT with the AFD.[6] During his employment with the AFD, Plaintiff was also a member of a United States Air Force's Special Warfare Operations.[7]  As part of his military service, Plaintiff was required to take leave from his employment with AFD.[8]  Plaintiff alleges that he sought promotions within the AFD, but his military service conflicted with certain opportunities for promotion and "was a motivating and/or contributing factor" when he was not promoted.[9]

Plaintiff's Complaint seeks relief under (1) the Collective Bargaining Agreement ("CBA") applicable to Plaintiff's employment at AFD, (2) the Alaska

---

[4] Docket 1-1 (Complaint) ¶¶ 8–16.

[5] Docket 1 at 1.

[6] Docket 1-1 ¶ 5.

[7] Docket 1-1 ¶ 6; Docket 23-1 (Affidavit of Chris Keen) ¶ 2.

[8] Docket 1-1 ¶ 7.

[9] Docket 1-1 ¶16.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 2 of 19

Case 3:25-cv-00162-SLG     Document 36     Filed 03/30/26     Page 2 of 19

Whistleblower Act, AS 39.90.100 *et seq.*, and (3) the Uniform Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA").[10]

## LEGAL STANDARD

Plaintiff asserts that Defendant's motion to dismiss should be treated as a motion for summary judgment and Defendant does not oppose this conversion.[11] Because the parties agree and for the reasons set forth herein, the Court has converted the motion to dismiss to a motion for summary judgment.[12] Accordingly, the Court sets forth the standard for summary judgment here.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case."[13] If the movant meets this burden, the non-moving party must "designate 'specific facts showing that there is a genuine issue for trial.'"[14] The non-moving party may not rely on "mere allegations or denials"; rather, to

---

[10] Docket 1-1 ¶¶ A–G.

[11] *See* Docket 23 at 1–2, Docket 26 at 2–4.

[12] As noted above, the Court ordered conversion at oral argument on March 11, 2026. *See* Docket 30.

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[14] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 3 of 19

Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 3 of 19

reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[15]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[16]

## DISCUSSION

The MOA seeks the dismissal of: (1) Plaintiff's claims under the CBA applicable to Plaintiff's employment with the AFD for failure to exhaust his administrative remedies through the grievance process; (2) Plaintiff's whistleblower claims because the MOA is exempt from the Alaska Whistleblower Act; and (3) any tort or contract claims for failure to state a claim upon which relief may be granted.[17] The MOA does not seek dismissal of Plaintiff's USERRA claims.[18]

### I. A "Merit Principles" Claim is not before the Court

When a motion to dismiss is converted to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that

---

[15] *Anderson*, 477 U.S. at 248 ().

[16] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[17] Docket 8 at 1–2, 6.

[18] Docket 8 at 2.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 4 of 19

is pertinent to the motion."[19]  Here, the Court has considered those materials submitted by the parties that are relevant to the claims raised in Plaintiff's Complaint.  Although Plaintiff attempts to also proceed on a claim based on "merit principles," this Court previously denied Plaintiff's leave to amend his Complaint to include this legal theory and does not consider any documents or materials related to this theory.[20]

## II.  Motion for Leave to Supplement the Record

At Docket 31, Plaintiff requests leave to supplement the record with three documents, Dockets 31-2, 31-3, and 31-4.  The MOA opposes Plaintiff's proposed submissions as duplicative and untimely.[21]  Because the Court did not convert the motion to dismiss until oral argument on March 11, 2026, the Court will consider the documents appended to Plaintiff's motion to supplement at Docket 31.[22]  However, the Court notes that the November 9, 2021 letter at Docket 31-2 was previously lodged by the MOA at Docket 19-2.  The Court also notes that the undated and unsigned application at Docket 31-3 appears to be the Department of Labor ("DOL") USERRA complaint that Plaintiff references in his filing at Docket

---

[19] *See* Fed. R. Civ. P. 12(d).

[20] *See* Docket 21 at 2–3.

[21] Docket 32.

[22] *See* Fed. R. Civ. P. 56(e), Local Civil Rule 7.1(d); *see also e.g., Betz v. Trainer Wortham & Co., Inc.,* 610 F.3d 1169, 1171 (9th Cir. 2010) ("[T]he district court could choose in its discretion to permit the parties to file supplemental affidavits on any fact issues that are relevant . . . ."); *Bell v. City of Los Angeles,* 835 F.Supp.2d 836, 848 (C.D. Cal. 2011).

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 5 of 19
Case 3:25-cv-00162-SLG     Document 36     Filed 03/30/26     Page 5 of 19

23-1, ¶ 8.  The third supplement at Docket 31-4 is the DOL's notification to the MOA of Plaintiff's DOL Complaint dated December 21, 2021.

In his motion to supplement, Plaintiff alleges for the first time that his obligation to exhaust his administrative remedies should be excused because filing further grievances after November 2021 with his union would have been futile.[23] Plaintiff had the opportunity to raise this argument in his opposition to the MOA's motion to dismiss, but he did not.  Specifically, Plaintiff did not allege futility to counter the MOA's assertion in its motion to dismiss that Plaintiff "does not claim he attempted to exhaust his administrative remedies available under the . . . CBA and certainly does not claim he was unable to exhaust those remedies."[24]

In general, a plaintiff may not add a new theory of liability at the summary judgment stage of litigation.[25]  Nonetheless, given the unique procedural posture of this case, in which Defendant has yet to file its answer, the parties have agreed to convert the MOA's motion to dismiss to a summary judgment motion, the record before the Court is scant, and the conversion to summary judgment was not finalized until oral argument, the Motion for Leave to Supplement Record at

---

[23] Docket 31 at 2.

[24] Docket 8 at 8; Docket 23 at 7–9.

[25] *See Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 744 (9th Cir. 2025) ("Adding a new theory of liability at the summary judgment stage would prejudice the defendant who faces different burdens and defenses under the new theory of liability." (alterations omitted) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000)).

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 6 of 19
Case 3:25-cv-00162-SLG     Document 36     Filed 03/30/26     Page 6 of 19

Summary Judgment at Docket 31 is granted; and the Court addresses Plaintiff's futility claim below.

## III. Plaintiff's Contract Claims Under the CBA

### A. Evidence Related to Plaintiff's Claims Prior to July 17, 2022

The MOA filed excerpts of the CBA for the International Association of Fire Fighters ("IAFF")[26] and maintains that the CBA "governed [Plaintiff]'s employment while he worked at AFD" and that "the *exclusive* remedy for an IAFF represented employee is through the contractual grievance process found at Article 7 of the IAFF CBA."[27] The MOA also cited provisions in Anchorage Municipal Code's Personnel Rules, § 3.30.005 *et seq.* ("Personnel Rules"), to support its contention that exhaustion of remedies was also required for non-represented positions with the MOA, such as the Battalion Chief position.[28]

The record contains several letters relevant to the parties' dispute. On April 17, 2021, AFD issued a letter of counseling to Plaintiff regarding his work performance.[29] Plaintiff requested without success on two occasions in 2021 that

---

[26] Plaintiff questions the authenticity of the MOA's exhibit at 8-1. Docket 23 at 6. The MOA asserts that "[c]onsidering the public nature of the CBA and [Plaintiff]'s own submission of portions of it, there are no reasonable grounds to contest the CBA's authenticity." Docket 26 at 3.

[27] Docket 8 at 6.

[28] Docket 26 at 10–11.

[29] Docket 1-1 ¶ 11; Docket 23-1 ¶ 5.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 7 of 19

Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 7 of 19

the letter of counseling be removed from his personnel file.[30]  On November 9,

2021, Plaintiff wrote to his union representative requesting that the union file a

formal grievance against the MOA.[31] Plaintiff's November 9, 2021 letter states,

> Yesterday (8NOV2021), I had a meeting with my supervisor, Chief Paulson, and "Matthew from HR." This meeting was scheduled by Chief Paulson to discuss my recent request for a response to an earlier request that a letter of counseling be immediately removed from any personnel files. I consider this letter of counseling and its directives to be an adverse administrative action. Since almost all of my recent absences (or historical absences) from work were for military service; and, according to the letter, my "limited attendance at work" was "a contributing factor" in the decision to take this action; I consider this to [be] discriminating and harassing based on my military service.
>
> I requested that a Union representative be present at this meeting. I was told a Union representative would be present, but one did not show for the meeting.  The meeting did not result in the resolution I was seeking, so I would now like to file a formal grievance.  I ask that you file a grievance on my behalf against the MOA for violations of 14.9 Military Leave in our Labor Contract Agreement (LCA) and the Uniformed Service Employment and Reemployment Rights Act (USERRA).
>
> I am seeking further remedy for a long history of violations under USERRA.  Remedies sought include, but are not limited to, corrected personnel files, lost wages and benefits, lost promotional opportunities, future pension adjustments, attorney's fees, and emotional distress.[32]
>
> On November 30, 2021, union counsel for IAFF wrote to Plaintiff that union

---

[30] Docket 23-1 ¶ 5.

[31] Dockets 19-2, 31-2.

[32] Dockets 19-2, 31-2.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 8 of 19

counsel had reviewed Plaintiff's "concerns as to [his] military service, USERRA, and [his] employment with the Anchorage Fire Department" and had elected not to assert Plaintiff's grievance.[33]  Counsel stated, "[b]ased upon our review of the facts and law, there is no reasonable chance of success in pursuing a grievance based on the letter of counseling you received last April" and "[i]t is our opinion after . . . review that a grievance asserting a violation of the CBA would not be successful."[34] Additionally, union counsel notified Plaintiff that "IAFF's representation extends to rights under the CBA and not to independent legal claims such as USERRA that are not otherwise covered in the contract."[35]  Union counsel also informed Plaintiff that "[y]ou now have the right, at your own expense, to retain counsel or otherwise proceed independently to advance a claim with the City."[36]

On December 2, 2021, Plaintiff lodged a complaint with the DOL.[37]  He alleged his promotional opportunities for the positions of AFD Safety Officer and AFD Senior Fire Captain were affected by the promotional board's discrimination against him for his military service.[38]

As noted above, the record also contains a letter dated December 21, 2021,

---

[33] Docket 23-2.

[34] Docket 23-2.

[35] Docket 23-2.

[36] Docket 23-2.

[37] Docket 23-1 ¶ 7, Docket 31-3.

[38] Docket 31-3 at 2, 5.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 9 of 19
Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 9 of 19

from the DOL investigator to the MOA regarding Plaintiff's request to the DOL "in determining and exercising his employment rights under USERRA[.]"[39] The letter notifies the MOA of Plaintiff's claims, including the claim that his military service was a motivating factor in his lack of promotion at the AFD.[40]

In a letter dated May 2, 2022, the DOL investigator notified Plaintiff that the agency had investigated Plaintiff's USERRA claim against the MOA and did not "find that the evidence supports a violation of USERRA."[41] The DOL informed Plaintiff that he had "the right to request a referral of your claim to the U.S. Attorney General," and "the right to seek private counsel at your own expense, or to file a lawsuit against Municipality of Anchorage (MOA) - Anchorage Fire Department (AFD) in a court of competent jurisdiction."[42]

**B.    Alaska's Statute of Limitations for Contracts Bars All Plaintiff's Contract Claims Prior to July 17, 2022**

In Alaska, a three-year statute of limitations applies to breach of contract claims.[43] "Reliance on a statute of limitations is ordinarily an affirmative defense which must be pleaded and proved by the defendant."[44] And, the Alaska Supreme

---

[39] Docket 31-4 at 1.

[40] Docket 31-4 at 1.

[41] Docket 23-3.

[42] Docket 23-3.

[43] Alaska Stat. 09.10.053.

[44] *Hitt v. J.B. Coghill, Inc.,* 641 P.2d 211, 212 (Alaska 1982).

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 10 of 19

Court "look[s] upon the defense of statute of limitations with disfavor and will strain neither the law nor the facts in its aid."[45]  But if a claim is not filed within the applicable statute of limitations, dismissal is proper when the plaintiff makes no argument that he was unaware of his claims when they accrued.[46]  And, when the "statute of limitations defense is apparent on the face of the complaint and no question of fact exists," dismissal is appropriate.[47]

Plaintiff's letter to his union representative on November 9, 2021 and the corresponding notice of right to sue letter from union counsel on November 30, 2021 show that Plaintiff asked his union to grieve the April 2021 letter of counseling on his behalf at that time and when the union refused to do so, union counsel notified him of his right to pursue his claims in a lawsuit.[48]  It is undisputed that Plaintiff did not file any further grievances under the CBA after November 9, 2021.

Although Plaintiff alleges that his DOL complaint tolled the statute of limitations, the Court need not decide that issue at this time, for this lawsuit is still untimely for all contract claims that arose prior to July 17, 2022.[49] Even assuming

---

[45] *Jackson v. Municipality of Anchorage,* 375 P.3d 1166, 1170 (Alaska 2016).

[46] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort and contract claims within the two and three year statutes of limitations when the plaintiff made no argument that he was unaware of his claims when they accrued).

[47] *Hebert v. Honest Bingo,* 18 P.3d 43, 47 (Alaska 2001).

[48] Dockets 19-2, 23-2, 31-2.

[49] Docket 23 at 11 (citing *Beegan v. State of Alaska, DOT&PF,* 195 P.3d 134, 143 (Alaska 2008) (holding the plaintiff's claim was equitably tolled during the pendency of the proceedings before

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 11 of 19

the statute of limitations was tolled between the time Plaintiff filed his DOL complaint on December 2, 2021 and the time the DOL issued its right to sue letter on May 2, 2022,[50] the three-year statute of limitations for contracts expired by the time Plaintiff filed this action in Alaska State Court on July 17, 2025 for any breach of contract claims prior to July 17, 2022.[51]  Therefore, the MOA's motion for summary judgment is granted for Plaintiff's claims under the CBA that predate July 17, 2022, including the April 2021 letter of counseling.

### C.    Plaintiff's Contract Claims Under the CBA from late 2022 and 2025 May Go Forward

Plaintiff alleges that following his November 2021 grievance, "AFD has either wrongly failed to promote [Plaintiff] like in the 2022 Battalion Chief promotional testing, or AFD has wrongly failed to provide [Plaintiff] reasonable accommodations to compete for promotion after a known conflict with promotional testing due to military service," including: "(1) the 2022 Senior Fire Captain promotional testing, (2) the 2025 Senior Fire Captain promotional testing, and (3) the 2025 Battalion Chief promotional testing."[52]

The MOA asserts that because Plaintiff failed to separately grieve his

---

the Alaska State Commission for Human Rights)).

[50] In its reply, the MOA asserts that the DOL letter relates to Plaintiff's USERRA claim, not his CBA contract claims.  Docket 26 at 11–12.  The Court agrees.  In its May 2, 2022 letter, the DOL states, "we do not find that the evidence supports a violation of USERRA."  Docket 23-3.

[51] Docket 1-1.

[52] Docket 23 at 4; *see also* Docket 23-1 ¶ 8, Docket 26-1 ¶ 4, Docket 31-3 at 2.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 12 of 19
Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 12 of 19

contract claims for lost promotional opportunities in 2022 and 2025, he failed to exhaust his remedies under the CBA or Anchorage Municipal Code and cannot maintain these claims in this action.[53]

In his motion for leave to supplement, Plaintiff maintains that "the evidence shows he need not file repetitive grievances because his union and the DOL heard him, but decided not to act on his behalf" in November 2021 and May 2022 and this "futility issue[ ]" is "for the jury to resolve."[54]  The MOA counters that the IAFF grievance process is "rigorous" and "routinely works for represented employees at the Anchorage Fire Department."[55]  The MOA asserts that the union's decision not to pursue Plaintiff's November 9, 2021 grievance "does not illustrate [that] the grievance procedures themselves are inadequate or seeking to access them [are] futile."[56]

In Alaska, "an employee must first exhaust his contractual or administrative remedies, or show that he was excused from doing so, before he may pursue a direct judicial action against his employer."[57]  This duty to exhaust also applies to

---

[53] Docket 26 at 10–11 ("[A]pplications for promotions to non-represented positions . . . had to be grieved under the Anchorage Municipal Code.")

[54] Docket 31 at 2-3.

[55] Docket 32 at 5–6.

[56] Docket 32 at 6.

[57] *Beard v. Baum,* 796 P.2d 1344, 1348 (Alaska 1990) (quoting *Casey v. City of Fairbanks,* 670 P.2d 1133, 1136 (Alaska 1983)).

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 13 of 19
Case 3:25-cv-00162-SLG   Document 36   Filed 03/30/26   Page 13 of 19

good faith and fair dealing claims.[58]  But, "where the administrative remedy is inadequate or where the pursuit of the administrative remedy would be futile due to the certainty of an adverse decision," the requirement to exhaust is excused.[59] And "[i]n Alaska . . . a municipal employee's failure to exhaust contractual remedies may be excused by showing that the union refused to participate in the grievance process whether or not the union's refusal was wrongful."[60]  The failure to exhaust administrative remedies is an affirmative defense, and the party raising the affirmative defense generally bears the burden of proof as to that issue.[61]

In this case, neither party disputes that Plaintiff did not grieve any of the AFD's alleged denials of promotional opportunities for positions Plaintiff sought in 2022 and 2025.  However, there are factual questions as to which positions he alleges he was denied and whether the pursuit of his contract remedies was futile. On the slim record presently before the Court, summary judgment to the MOA on this issue is unwarranted.  Accordingly, summary judgment is denied as to Plaintiff's contract claims arising on or after July 17, 2022.

---

[58] *Grant v. Anchorage Police Dep't,* 20 P.3d 553, 555 (Alaska 2001) (affirming summary judgment against plaintiff's good faith and fair dealing claim for failure to exhaust his contractual remedies under the collective bargaining agreement).

[59] *Romulus v. Anchorage School Dist.,* 910 P.2d 610, 615 (Alaska 1996) (internal quotations and citation omitted).

[60] *Wilson v. Municipality of Anchorage,* 977 P.2d 713, 724 (Alaska 1999).

[61] *Higgins v. Municipality of Anchorage,* 810 P.2d 149, 150 (Alaska 1991) ("The trial court had denied the municipality's affirmative defense that Higgins's claim was barred by his failure to exhaust administrative remedies.").

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 14 of 19

Case 3:25-cv-00162-SLG     Document 36     Filed 03/30/26     Page 14 of 19

## IV. Municipal Whistleblower Ordinance and Discrimination Claims

Plaintiff alleges the MOA discriminated and retaliated against him because he had filed the complaint with the DOL regarding the negative treatment he received at the AFD due to his military service.[62]  He also alleges that the MOA discriminated and retaliated against him because of his military service.[63]

The MOA seeks summary judgment for Plaintiff's whistleblower claims.  It asserts that Plaintiff's claim under AS 39.90.130 fails because the MOA is not subject to that state statute.[64]  While this is true, the Court will proceed with an analysis of Plaintiff's whistleblower claim under the Anchorage Municipal Code ("AMC") 3.75.010 *et seq.*, which mirrors AS 39.90.130 and provides in relevant part:

> The municipality may not discharge, threaten or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because:
>
> 1.    The employee, or person acting on behalf of the employee, reports to a public body or public official on a matter of public concern; or
>
> 2.    The employee participates in a court action, an investigation, a hearing or an inquiry held by a public body on a matter of public concern.[65]

---

[62] Docket 1-1 ¶ 14.

[63] Docket 1-1 ¶¶ 13–16,  18, 22–23; Docket 1-1 at 5 ¶ D.

[64] Docket 8 at 10–11.

[65] AMC 3.75.030 A.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 15 of 19

Although AMC 3.75.010 *et seq.* does not include a statute of limitations, the statute of limitations for torts in Alaska is two years.[66]  And, the Alaska Supreme Court has held that the two year statute of limitations governs state law claims of unlawful discrimination.[67]  At oral argument, the parties appeared to agree that the applicable limitations period for Plaintiff's whistleblower and discrimination claims is two years.

While the record is sparse, Plaintiff avers that the AFD failed to promote him to Battalion Chief in August 2022.[68]  He also states that the AFD failed to provide him with reasonable accommodations to compete for a promotion to Senior Fire Captain in 2022 and 2025 and to Battalion Chief in 2025.[69]  Plaintiff alleges the AFD took these actions against Plaintiff due to his military service.[70]  He also alleges the AFD retaliated against him for whistleblower activity — i.e. his DOL complaint.[71]

When Plaintiff filed this case in Alaska State Court in July 2025, the two-year statute of limitations for any 2022 whistleblower and related tort claims had run.

---

[66] Alaska Stat. § 09.10.070.

[67] *Russell,* 743 P.2d at 374 ("Russell conceded below, and does not now argue to the contrary, that 09.10.070 governs both her state and federal law claims concerning unlawful discrimination.").

[68] Docket 23-1 ¶ 8.

[69] Docket 23-1 ¶ 8.

[70] Docket 23-1 ¶ 9.

[71] Docket 23 at 9–10.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 16 of 19

Accordingly, the MOA is entitled to summary judgment on all such claims related to 2022 promotions.

With respect to the 2025 promotion claims, the MOA asserts that Plaintiff's DOL complaint in December 2021 is too remote in time to form the basis of any adverse employment actions by AFD in 2025. The MOA adds that the Complaint fails to plausibly allege a causal connection between the DOL complaint and any promotional actions by the AFD in 2025.[72] The MOA cites *Smith v. Anchorage School District* in support of its assertion that the greater the interval of temporal proximity between a discrimination complaint and an adverse employment actions, the more "the hint of causation weakens."[73] While there is clearly a considerable interval of time between Plaintiff's 2021 DOL Complaint and 2025, there remain factual questions regarding Plaintiff's whistleblower activities and other tort claims related to the 2025 promotions. On the relatively sparse record before the Court, Defendant has not met its burden of showing that "there is an absence of evidence to support the nonmoving party's case."[74] Accordingly, summary judgment as to Plaintiff's 2025 whistleblower and related tort claims is denied.

## V. Leave to Amend the Complaint

Plaintiff requests leave to amend his Complaint in the event the Court elects

---

[72] Docket 26 at 17.

[73] 240 P.3d 834, 841 (Alaska 2010); Docket 26 at 17 n. 59

[74] *Celotex Corp.*, 477 U.S. at 325.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 17 of 19
Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 17 of 19

not to convert the MOA's motion to dismiss to a motion for summary judgment. Because the motion to dismiss has been converted to a summary judgment motion, leave to amend the Complaint on this basis is denied. Moreover, Plaintiff has again failed to demonstrate or meaningfully address good cause to modify the Scheduling and Planning Order's deadline for amending pleadings as required by Rule 16(b)(4)[75] and has again failed to comply with Local Civil Rule 15.1, which requires a party moving to amend a pleading to attach the proposed amended pleading as an exhibit to the motion. Accordingly, Plaintiff's cross-motion for leave to amend his Complaint is denied.

## CONCLUSION

IT IS HEREBY ORDERED:

1. Defendant's Motion to Dismiss has been converted to a motion for summary judgment under Federal Civil Rule 12(d).

2. Defendant's converted motion for summary judgment at Docket 8 is GRANTED in part and DENIED in part as follows:

   a. Summary judgment is GRANTED to the MOA on all contract claims arising prior to July 17, 2022;

   b. Summary judgment is GRANTED to the MOA on all Plaintiff's whistleblower and state law tort claims arising prior to July 17, 2023;

---

[75] Docket 11; Docket 21 at 3.

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 18 of 19

c. Summary judgment is DENIED for all other claims.

3. Plaintiff's cross-motion to amend the Complaint is DENIED.

4. Plaintiff's Motion for Leave to Supplement Record at Summary Judgment at Docket 31 is GRANTED.

5. Defendant shall file its Answer within 14 days of the date of this order.

DATED this 30th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No 3:25-cv-00162-SLG, *Keen v. Municipality of Anchorage*
Order on Converted Motion for Summary Judgment
Page 19 of 19

Case 3:25-cv-00162-SLG    Document 36    Filed 03/30/26    Page 19 of 19